## N. B. WHITFIELD v. HARDY BRYAN et als.

When, after issue joined, one of the defendants dies, and the plaintiff delays or neglects to revive the suit against his representatives, the other defendant cannot have the suit dismissed, but if entitled to a separate trial, may compel the plaintiff to try the case as far as he was concerned.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin*, J. *J. M. B. Tucker*, for plaintiff and appellant. *Smith & Campbell*, for defendants.

VOORHIES, J. On the trial of this case in the court below, the plaintiff obtained from the jury a verdict for the sum of $38,250; but, on motion of the defendants, the verdict was set aside and a new trial ordered. Subsequently, one of the defendants died; and several sessions of the District Court having been held without the suit being revived by making the legal representatives of the deceased defendant parties, the other defendant caused the suit to be dismissed at the plaintiff's costs. The plaintiff took a bill of exception to the ruling of the District Judge, who refused his application to reinstate the case on the docket; and, from the judgment of dismissal, this appeal is taken.

The reasons assigned by the District Judge are as follows : " that at the December term of this court, 1857, the death of *Leon Bryan*, one of the defendants, was suggested, and leave granted to plaintiff to revive the suit against his representatives; that afterwards, at the May term of said court, the case was continued on plaintiff's application, no administrator having been appointed to *Leon Bryan's* succession, or any steps taken so to do; that at the present term of the court, the counsel for plaintiff having moved to dismiss, because no administrator was appointed, and plaintiff's counsel having stated that one had been appointed who would qualify at the present term, and the said counsel having subsequently declared that the administrator would not qualify; and it appearing to the court that the plaintiff had had ample time to make proper parties, and had neglected so to do, and was now asking for further delay; and the court being of opinion that a co-defendant could not be thus harrassed or delayed in the trial of his case by the evident neglect or laches of the plaintiff, . . . . . . "

If there were proper parties before the court, and the plaintiff was not entitled to a continuance, he should have been ruled to a trial, and not dismissed from court. The plaintiff was present through his counsel, and the utmost that the defendant could require of him was an immediate trial.   C. P. 536.

" If, after issue joined, either the plaintiff or the defendant die, it is not necessary to recommence the action, it continues between the surviving party and the heirs of the one deceased.". . . . . . C. P. 361. The plaintiff had the right to have the suit revived against the legal representatives of the deceased defendant; on the other hand, the co-defendant, if entitled to a separate trial, might with propriety have compelled the plaintiff to try the case, so far as they were concerned. The dismissal was unauthorized.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings, the appellee paying the costs of appeal.